## THOMAS B. COMINGS *versus* CHARLES C. LITTLE *et al.*

Where the owner of land conveyed an unimproved parcel thereof, not separated by a fence from the residue, and the grantee, without taking actual possession, mortgaged it back, and the original owner continued to pasture his cattle thereon in the same manner as before his conveyance, it was *held*, that such grantee was nevertheless seised of the parcel so conveyed.

Where one of two tenants in common of land mortgaged his portion thereof, and subsequently both conveyed the whole of the land to the plaintiff, and covenanted, in the usual form, that it was free of all incumbrances, and the plaintiff redeemed the mortgage, it was *held*, that he might maintain an action on the covenant against both of such tenants.

If land subject to a mortgage conditioned to pay a sum due to the mortgagee and also to indemnify him against a liability, be conveyed with a covenant that it is free from incumbrances, and the grantee pays the sum due to the mortgagee, but nothing towards extinguishing the liability, he will be entitled to recover, in an action on the covenant, only the amount so paid by him to the mortgagee.

THIS was an action of covenant broken. The parties stated a case.

On October 1st, 1832, the defendants, by their warranty deed of that date, conveyed to the plaintiff a parcel of land, containing 8500 square feet, and covenanted, in the usual form,

that they were seised in fee of the premises, and that the same were free of all incumbrances. These covenants were alleged by the plaintiff to have been broken.

On April 23d, 1832, Timothy Frye conveyed to Francis Hilliard, one of the defendants, one undivided half of about an acre of land, including the parcel conveyed to the plaintiff by the defendants as above stated, and Hilliard mortgaged the same to Frye, to secure the payment of two promissory notes, payable in one year from the date of the mortgage. The mortgage contained also a condition, that Hilliard should indemnify Frye against a liability which he was under to Elisha Davis, to the amount of one half of such liability. This mortgage was in full force at the time of the conveyance to the plaintiff by the defendants, and continued so until May 4th, 1835, neither of the defendants having redeemed or satisfied the same, although requested to do so by the plaintiff; and on that day the plaintiff redeemed the mortgage so far as respected the two promissory notes, by paying to Frye the sum of $767, being the amount due thereon, but in all other respects the mortgage still remained an incumbrance on the premises.

The liability of Frye to Davis consisted of a mortgage executed by Frye and John Putney, dated August 1st, 1831, by which the acre of land above mentioned, which had been conveyed by Davis to them, was reconveyed to him, to secure the payment of a promissory note for the sum of $533, in ten years from date, with interest annually. The principal of this note was unpaid, and the mortgage still remained an incumbrance on the premises at the time of the conveyance by the defendants to the plaintiff; but one half of one year's interest on such note, which became payable on August 1st, 1835, was paid by Frye to Davis.

Frye had never called on the plaintiff to pay the notes secured by the mortgage of Hilliard, but the plaintiff, at several different times before May 4th, 1835, requested the defendants to pay the same and redeem such mortgage. The plaintiff had previously requested Frye to take possession of the land under Hilliard's mortgage, or to collect his notes ; and Frye had accordingly, before that day, demanded payment thereof of Hilliard. Davis, after his conveyance to Frye and

*Comings*
*v.*
*Little.*

Putney, continued to pasture his cattle on the land in the same manner as before, the acre in question not being separated by any fence from the adjoining land owned by Davis ; and Frye and Putney never took actual possession thereof, it being neither cultivated nor built upon.

If, upon these facts, the Court should be of opinion, that the action was maintainable, the defendants were to be defaulted, and judgment rendered for the plaintiff, for such sum as the Court should determine upon ; otherwise, the plaintiff was to become nonsuit.

*Jan. 16th,*
*1837,*
*at Boston.*

*W. W. Fuller*, for the plaintiff, to the point, that the covenants were not to be taken distributively, and, therefore, that the action was properly brought against both of the covenantors, cited *Eccleston* v. *Clipsham*, 1 Saund. 154, note ; 2 Cruise's Dig. *Tenant in Common, tit.* 20, § 2, 8 ; that the plaintiff was entitled to recover damages on account of the mortgage to Davis, although it had not been paid, *Jenkins* v. *Hopkins*, 8 Pick. 350 ; *Chapel* v. *Bull*, 17 Mass. R. 220 ; *Barrett* v. *Porter*, 14 Mass. R. 143 ; and that the covenant of seisin was broken, *Smith* v. *Strong*, 14 Pick. 128 ; *Gray* v. *Briscoe*, Noy, 142 ; *Bearce* v. *Jackson*, 4 Mass. R. 408 ; *Bates* v *Norcross*, 14 Pick. 224.

*Choate*, for the defendants, to the point, that the covenants were to be taken distributively, although they were expressed in joint terms, the interest of the covenantors being several, cited 2 Cruise's Dig. *Tenant in Common, tit.* 20, § 2, 8 ; *Curry* v. *Commonwealth Ins. Co.* 10 Pick. 542 ; *Ludlow* v. *M' Crea*, 1 Wendell, 228 ; *Ernst* v. *Bartle*, 1 Johns. Cas. 319 ; *Peckham* v. *North Parish in Haverhill*, 16 Pick. 274 , *Eccleston* v. *Clipsham*, 1 Wms's Saund. 154, note ; *Hods-den* v. *Harridge*, 2 Wms's Saund. 61, note ; *James* v. *Emery*, 8 Taunt. 245 ; that the plaintiff was entitled to recover nominal damages only, it not being proved that he has extinguished the incumbrances, *Tufts* v. *Adams*, 8 Pick. 549 ; *De Forest* v. *Leete*, 16 Johns. R. 122 ; *Prescott* v. *Trueman*, 4 Mass. R. 630 ; [and see *Brooks* v. *Moody*, 20 Pick. 474 ;] that the covenant of seisin was not broken, *Pidge* v. *Tyler*, 4 Mass. R. 541 ; *Marshall* v. *Fisk*, 6 Mass. R. 24.

WILDE J. afterward drew up the opinion of the Court.

The defendants are sued on their covenant of seisin, and that against incumbrances, contained in the deed of conveyance from them to the plaintiff; and breaches of both covenants are duly assigned. There has been, however, no breach of the covenant of seisin, according to the facts agreed; but it is admitted that at the time of the conveyance to the plaintiff, there was an outstanding mortgage of the premises from Hilliard, one of the defendants, to Timothy Frye, to secure a debt to Frye; and there was also a further condition in such mortgage, that Hilliard should indemnify Frye from certain liabilities he was under to one Davis. It is agreed, that the defendants have never redeemed this mortgage, and that the plaintiff, before the commencement of this action, did pay off the sum of $767 to Frye, and thus far redeemed the mortgage. This amount the plaintiff is entitled to recover, if the defendants are jointly liable on their covenant.

It is objected, that the covenants of the defendants are to be taken distributively, and that the action should have been brought against Hilliard alone. But this objection cannot be maintained. The distinction is this. Where a man covenants with two or more jointly, and the interest and cause of action of the covenantees is several, each of the covenantees may bring an action for his particular damage, notwithstanding the words of the covenant are joint. But where two persons covenant jointly with another, a joint action lies for the covenantee on a breach of the covenant by one of the covenantors only; because they are sureties for each other for the due performance of the covenant. 1 Wms's Saund. 154, note.

As to the plaintiff's claim of further damages on account of the defendants' neglecting to remove the incumbrance in favor of Davis, and thereby to relieve Frye from his liability to him, the plaintiff is not entitled to recover any damages therefor, as the defendants did not covenant to remove that incumbrance, but only to indemnify Frye from his liability thereon and he has not yet been damnified.

*Defendants defaulted.*